CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 JAN -8 PM 2:56

[signature]
CLERK-SANTA FE

DAVID CASTLE and PAULA CASTLE,

Plaintiffs,

vs.   No. CIV 98-843 MV/RLP

BARRY WILSON, et al,

Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, filed September 11, 1998 **[Doc. 2]**. The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

### BACKGROUND

Plaintiffs David and Paula Castle ("the Castles"), proceeding *pro se*, have filed suit against several named employees of the Internal Revenue Service ("IRS"). The Complaint describes attempts by the IRS to collect taxes owed by the Castles and a series of related communications between the Castles and various IRS employees. Citing the Seventh and First Amendments, Plaintiffs request a jury trial "to have a jury determine whether the alleged tax is on people, property or activities, and to determine what excise taxable activity or privilege gave rise to the liability." Complaint ¶ 24. Defendant IRS has moved to dismiss pursuant to Fed.R.Civ. 12(b)(1) and 12(b)(6)

on the grounds that this Court lacks subject matter jurisdiction and the Complaint fails to state a claim on which relief may be granted.

## STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.* In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true. A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. *Id.* In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties. *Id.* While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it

generally cannot convert a 12(b)(1) motion into one for summary judgment. *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987).

A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt*, 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259 n.5. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt*, 46 F.3d at 1003.

### B. Motion to Dismiss for Failure to State a Claim

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss

3

is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

Defendant IRS makes an admirable attempt to elucidate exactly what the basis of Plaintiffs' current suit is. Reading the Complaint generously, Defendant concludes that the Plaintiffs are seeking one or more of the following: (1) a refund of taxes paid; (2) injunctive relief against future tax liability; (3) a declaratory judgment that it is not liable for the taxes assessed; and (4) damages for the "tort of deceit." In their Response, Plaintiffs state that they are seeking none of these things but solely "to have a jury determine whether the alleged tax is on people, property or activities, and to determine what excise taxable activity or privilege gave rise to the liability." Plaintiffs contend that the Seventh Amendment entitles them to bring such an action.

The Seventh Amendment states:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.

U.S. Const., Amend. VII. As the text of the Amendment makes clear, the right to trial by jury only applies to "suits at common law." The Amendment itself does not create a right to bring any issue to a jury for determination. Rather, the party must properly plead a recognized cause of action in order to be entitled to use the resources of the judicial system to resolve his or her dispute.

4

Accordingly, Plaintiffs have failed to state a cause of action on which relief may be granted and have failed to establish that this Court has subject matter jurisdiction over their dispute.

Moreover, reading the Complaint as did the IRS, Plaintiffs' suit is still not properly before this Court. Plaintiffs may not sue for a tax refund until they have pursued administrative remedies. 26 U.S.C. § 7422(a); *Zernial v. United States*, 714 F.2d 431, 434 (5th Cir. 1983). In the present case, Plaintiffs have not even alleged that they paid any of the taxes owed, let alone that they exhausted administrative remedies seeking a refund. Further, Plaintiffs may not seek an injunctive or declaratory judgment regarding a tax dispute. I.R.C. § 7421(a); 28 U.S.C. § 2201; *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992). Finally, Plaintiffs hypothetical "tort of deceit" is barred by the doctrine of sovereign immunity, in that the United States has not consented to suit for such a tort, and by the immunity granted to federal workers who are sued for torts alleged to have been committed in the course of their employment. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982); 16 U.S.C. § 831c-2. Thus, reading Plaintiffs' Complaint generously, it again fails to state a claim on which relief may be granted or to establish subject matter jurisdiction by this Court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **[Doc. 2]** is hereby **GRANTED**. The Complaint is hereby **DISMISSED WITH PREJUDICE**.

*/s/ Martha Vázquez*
MARTHA VÁZQUEZ
DISTRICT COURT JUDGE

Attorney for Plaintiff:
David Castle and Paula Castle, pro se

Attorney for Defendants:
Joseph Pitzinger